United States District Court
Southern District of Texas
**ENTERED**
January 24, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JERMAINE ANDRE GRANT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:18-CV-18 |
| | § | |
| RAFAEL MENCHACA, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION TO DISMISS CASE

This civil rights action was filed by Plaintiff Jermaine Andre Grant, a Texas state prisoner, pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that Plaintiff's claim for money damages against Defendant Rafael Menchaca in his official capacity be dismissed

as barred by the Eleventh Amendment.  It is respectfully recommended further that Plaintiff's due process claim against this defendant be dismissed for failure to state a claim and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1). Lastly, it is respectfully recommended that the dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

## I.     JURISDICTION.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.    BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID).  On April 8, 2005, Plaintiff was convicted of aggravated robbery in Harris County, Texas, and received a thirty year sentence.  On August 17, 2015, Plaintiff was convicted of aggravated robbery in Fort Bend County, Texas, and received a five year sentence.

Plaintiff's allegations in this case arise in connection with his current assignment to the McConnell Unit in Beeville, Texas.  He filed his original complaint on January 10, 2018, and named Correctional Officer Rafael Menchaca as the sole defendant.  (D.E. 1 at pp. 3, 7).  The undersigned construes Plaintiff's lawsuit as suing Officer Menchaca in his individual and official capacity.

Plaintiff alleges the following facts in his complaint.  On April 15, 2015, Plaintiff was brought before the state court in Fort Bend County for a hearing.  While Plaintiff was attending the hearing, four bags of Plaintiff's personal property were inventoried and

stored in the McConnell Unit's property room. After Plaintiff was transferred to the Garza West Unit, the property officer at that unit delivered to Plaintiff three of Plaintiff's four bags. The property officer noticed the missing bag and indicated she would retrieve the fourth bag for Plaintiff. Plaintiff, however, was returned to the McConnell Unit before the property officer had received a reply regarding the fourth bag.

Upon returning to the McConnell Unit, Plaintiff actively pursued his missing bag of personal property, which consisted of a "4 plug multi outlet, a hot pot, 2 bags of coffee, a photo album of purchased photos, a packet of family photos, and 4 cookies." (D.E. 1, p. 8). The McConnell Unit property officer informed Plaintiff "that he had received all the property that he was going to get." (D.E. 1, p. 8).

Plaintiff filed a Step 1 grievance, stating that he had only received three bags of his personal property instead of four. Officer Menchaca proposed to Plaintiff a settlement offer that failed to reimburse the full value of the lost property. Plaintiff pursued a Step 2 grievance which was denied. Plaintiff then "attempted to file a state tort claim but the thirty (30) day time limitation had ran before [Plaintiff] figured out the process." (D.E. 1, p. 8).

Plaintiff claims that Officer Menchaca's conduct in denying Plaintiff meaningful compensation for the loss of his personal property violates Plaintiff's due process rights. Plaintiff seeks monetary relief in the amount of $3,000.00. (D.E. 1, pp. 4, 10).

### III. LEGAL STANDARD.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the

alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when the complaint does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

A claim is frivolous if it has no arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998).

## IV.   DISCUSSION.

### A.   Official Capacity Claims

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996);

*Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998).  As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment.  *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).  Indeed, the Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities.  *See Oliver*, 276 F.3d at 742 (recognizing that the Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

To the extent Plaintiff sues Officer Menchaca in his official capacity for money damages, such claim is barred by the Eleventh Amendment.  Accordingly, it is respectfully recommended that Plaintiff's claims for money damages against Officer Menchaca in his official capacity be dismissed with prejudice.

### B. Due Process Claim (Deprivation of Personal Property)

The Fourteenth Amendment of the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1.  The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy.  *See Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996).  A claimant must either take advantage of the available remedies or show that the available remedies are inadequate.  *Hudson*, 468 U.S. at 534-35.

Texas law provides Plaintiff with available post-deprivation remedies. Texas law allows recovery of monetary damages for the loss of property that has been taken without authorization. *See Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (in Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App.– San Antonio 1978, no writ) (conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights). In addition, state law specifically provides that inmates may recover up to $500.00 on a claim that the TDCJ lost or damaged personal property. *See* Tex. Gov't Code § 501.007.

A prisoner-plaintiff may bring suit in federal court for property loss only if relief is denied in state court on grounds other than the merits of his claim. *See Thompson v. Steele*, 709 F.2d 381, 383 n.3 (5th Cir. 1983). The burden is on the inmate to show that the post-deprivation remedy is inadequate. *Myers*, 97 F.3d at 94.

Plaintiff states that he attempted to file a state tort action regarding his lost personal property but that the thirty-day time limitation had run before he figured out the process. Contrary to Plaintiff's representation, however, a two-year statute of limitations in Texas applies for the tort of conversion. *See* Tex. Civ. Prac. & Rem. Code § 16.003. Even if Plaintiff had filed a state court conversion action and it was dismissed as untimely, such dismissal does not establish that the state court remedy was inadequate. *See Agim v. Lumpkin*, 35 F. App'x 389 (5th Cir. 2002) ("A state court post-deprivation remedy is not inadequate simply because the state court determines that a prisoner has forfeited his rights to seek recovery under state procedural laws."); *Robinson v. Winslow*,

88 F. App'x 93, 96 (7th Cir. 2003) (concluding that the prior dismissal of the plaintiff's state court action as untimely "does not establish that the [remedy] is inadequate to protect his right to due process"). Plaintiff, therefore, has alleged no facts to suggest either that he properly took advantage of his available tort remedy or that such remedy was inadequate. Plaintiff otherwise does not indicate that he has filed suit in state court pursuant to § 501.007.

Because Texas law provides adequate post-deprivation remedies, the deprivation of Plaintiff's personal property does not state a violation of the Due Process Clause. *See Hudson*, 468 U.S. at 536 (noting that, even when a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment because state law provided the prisoner with an adequate post-deprivation remedy). Thus, Plaintiff's claim for personal property loss fails to state a cognizable constitutional claim. Accordingly, it is respectfully recommended that Plaintiff's due process claim against Officer Menchaca be dismissed.

## V.  CONCLUSION.

For the reasons stated above, it is respectfully recommended that Plaintiff's claim for money damages Officer Menchaca in his official capacity be dismissed as barred by the Eleventh Amendment. It is respectfully recommended further that Plaintiff's due process claim against Officer Menchaca be dismissed with prejudice for failure to state a claim upon which relief can be granted and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Lastly, it is respectfully recommended that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g), and that the Clerk of

Court forward a copy of this Memorandum and Recommendation to the "Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

Respectfully submitted this 24th day of January, 2018.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).